**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO.: 17-civ-22326-ALTONAGA/GOODMAN**

LUCIO ALFONSO COVONE BELLO,

    Plaintiff,

vs.

CATERPILLAR INC.,

    Defendants.

**MOTION FOR
SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT
THEREOF ON BEHALF OF DEFENDANT, CATERPILLAR INC.**

8262471.1

## INTRODUCTION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, Defendant Caterpillar Inc., ("Caterpillar"), by and through undersigned counsel, files this motion for summary judgment against Plaintiff, Lucio Alfonso Covone Bello ("Bello"), on each of Bello's claims.

In 2012, Bello purchased a 51'Riviera sport fish Yacht ("Vessel") that was equipped with two (2) Caterpillar C18 engines. The Vessel was manufactured by Riviera Australia PTY LTD., in Australia. The engines were manufactured by Caterpillar at its manufacturing facility in Greenville, South Carolina and were then exported to Australia where the engines were installed in the Vessel. The Vessel was delivered and commissioned on or about December of 2012. The Vessel's C18 Caterpillar engines were covered by a Caterpillar Limited Warranty ("Limited Warranty") which is attached as Exhibit A. Between 2013 and 2017 the Vessel experienced engine issues. The engine problems were reported to Caterpillar by Bello, each issue was addressed and repaired by Caterpillar authorized dealers, Caterpillar made appropriate payments under the warranty and the engines are now running well.

In his Complaint, Bello has alleged: (1) failure of the Limited Warranty under the Magnuson Moss Warranty Act ("MMWA"); (2) breach of the Limited Warranty under MMWA; and (3) breach of the Limited Warranty under the Uniform Commercial Code ("UCC").

As relief, Bello seeks virtually every conceivable form of economic harm, including all monies paid for the Vessel, out of pocket expenses for repairs and related costs, loss of use of the Vessel, repair and dockage fees, surveyor fees, interest, and attorney's fees.

However, for the reasons set forth below, judgment should be entered in favor of Caterpillar on each of Bello's claims.

8262471.1

**STANDARD OF REVIEW**

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[I]f the non-moving party bears the burden of proof at trial, the moving party may obtain summary judgment simply by establishing the nonexistence of a genuine issue of material fact as to any essential element of a non-moving party's claim or affirmative defense." *Margolis v. Pub. Health Trust of Miami-Dade Cty.*, 89 F. Supp. 3d 1343, 1348 (S.D. Fla. 2015) (Martinez, J.).

**ARGUMENT**

**I. BELLO's CLAIMS OF RELIEF UNDER THE MAGNUSON MOSS WARRANTY ACT FAIL AS A MATTER OF LAW AND CATERPILLAR IS ENTITLED TO SUMMARY JUDGMENT**

Counts I and II of Bello's Complaint are pled as failure of the warranty based on minimum standards and breach of warranty under the federal Magnuson Moss Warranty Act ("MMWA"), a federal warranty enforcement statute. The MMWA does not create any warranties or require a product manufacturer to give any warranty at all. *See*, 15 U.S.C. § 2302(2)(B) ("Nothing in this chapter . . . shall be deemed to . . . require a consumer product or any of its components be warranted."). However, if a product manufacturer does issue a warranty, it must honor the terms of its warranty or the consumer may file a claim for breach of warranty pursuant to the MMWA. *See*, e.g., 15 U.S.C. § 2310(d)(1) ("a consumer who is damaged by the failure of a . . . warrantor . . . to comply with any obligations under . . . a written warranty . . . may bring suit for damages and other legal and equitable relief."); <u>Bailey v. Monaco Coach Corp.</u>, 350 F. Supp. 2d 1036, 1036 (N.D. Ga. 2004), *affirmed*, 168 Fed. Appx. 893 (11th Cir. February 22, 2006); <u>Temple v. Fleetwood Enterprises, Inc.</u>, 133 F. Appx. 254, 268 (6th Cir. 2005) ('the applicability of the Mag [sic] Moss Act is directly dependent upon a

sustainable claim for breach of warranty-*absent an actionable warranty claim, there can be no violation of the Mag[sic]Moss Act* (emphasis added)." "Suing under Magnuson does not change the rudimentary fact that liability does not exist in a vacuum; there must be some showing of some damages, which may lead to further issues of quantum." Coghlan v. Aquasport Marine Corp., 73 F. Supp.2d 769, 771 (S.D. Tex. 1999).

The MMWA does not provide any measure of damages in the event of a breach of a "limited" warranty, such as Caterpillar's warranty in the instant case. Whether a breach of the warranty even occurred and the appropriate measure of damages, if any, are both determined by Florida law. *See* e.g., MacKenzie v. Chrysler Corp., 607 F. 2d 1162, 1166 (5th Cir. 1979); Bailey, 350 F. Supp. at 1042. Consequently, as provided for under state law, a warrantor may exclude/disclaim consequential/incidental type damages and other remedies. Id.

"Under [the MMWA], a warrantor must merely specify whether a written warranty is a full or a limited warranty . . . Only full warranties are required to meet the minimum standards set forth in 15 U.S.C. § 2304." Bailey, 350 F. Supp. 2d at 1042. Therefore, because the law relating to limited warranties is not expressly modified, limited warranties . . . are not governed by [the MMWA] but by the Uniform Commercial Code." Id. Thus, the remedies contained in §2304 of the MMWA, including its "refund" provision, are not available under a "limited warranty." Lambert v. Monaco Coach Corp., 2005 WL 1227485, *4 (M.D. Fla. May 24, 2005); Powers v. Fleetwood, 2006 WL 2620107 (M.D. Fla. 2006).

Similarly, an alleged failure to repair within a "reasonable number of attempts" provision in 15 U.S.C. § 2304 of the MMWA is not implicated when a "limited" warranty is at issue, as in the case at hand. Chaurasia v. General Motors Corp., 126 P. 3d 165, 169-70 (Ariz. Ct. App. 2006); Bailey, 350 F. Supp. 2d at 1042. Rather, a "limited" warrantor's liability for breach

derives from, and is measured by, the terms of the limited warranty instrument itself." Hines v. Mercedes-Benz USA, LLC, 358 F. Supp.2d 1222, 1227 (N.D. Ga. 2005).

"Repaired" or "cured" defects cannot give rise to a breach of warranty, under the MMWA or otherwise. Plagens v. National RV Holdings, Inc., 328 F. Supp. 2d 1068, 1076 (D. Az. 2004); Temple, at * 13 (6th Cir. 2005) (summary judgment affirmed where RV plaintiff offered no evidence that alleged defects "still exist"); Monticello v. Winnebago Industries, Inc., 369 F. Supp. 2d 1350, 1359 (N.D. Ga. 2005) ("no breach of limited warranty when the defect is cured.").

By offering a warranty, a manufacturer recognizes that items, even in new products, may sometimes fail. Bailey, at 1042-1044. A warranty is not "breached" simply because a defect occurs. Id. As reasoned in Simpson v. Hyundai Motor America, 603 S.E. 2d 723, 727 (Ga. App. 2004):

> [t]he warranty contemplates that the warrantor shall have an opportunity to remedy defects. Thus, *the warranty is not instantly breached* if the car is found on delivery or at some time thereafter within the warranty period to have a defective part or operational deficiency. (Emphasis supplied)

*See also*, Ayanru v. General Motors Acceptance Corp., 495 N.Y.S. 2d 1018 (Civ. N.Y. 1985) (car manufacturer did not breach limited warranty, where it made the repairs requested by buyer); Marchionna v. Ford Motor Co., 1995 WL 476591 (N.D. Ill. 1995).

1. **Caterpillar's Limited Warranty Is Not Subject To The Federal Minimum Standards of 15 U.S.C. §2304**

In the instant case, Caterpillar issued an Express "Limited" Warranty, not a "full" warranty. The first page of the Warranty, which is attached to the Plaintiff's Amended Complaint, clearly and conspicuously identifies that the warranty is limited in nature. In fact, the first page of the of the Limited Warranty is titled "CATERPILLAR LIMITED WARRANTY" at

5

the top of the page. There can be no question that, in accordance with the above case law regarding the MMWA, Caterpillar's warranty is a Limited Warranty. As such, Caterpillar's Limited Warranty is not subject to Federal minimum standards pursuant to 15 U.S.C. §2304 and per the Court's ruling in Bailey, Bello is not entitled to relief under this statute and the claim for relief in Count I of Bello's Complaint fails as a matter of law.

Even assuming *arguendo* that the Limited Warranty is subject to the Federal Minimum standards of 15 U.S.C. § 2310, Caterpillar has still fulfilled its obligations and has honored the terms of the Limited Warranty; moreover, the alleged failure to repair within a "reasonable number of attempts" provision in 15 U.S.C. §2304 of the MMWA is not implicated when a "limited" warranty is at issue, as in the case at hand. Chaurasia, 126 P. 3d at 169-70; Bailey, 350 F. Supp. 2d at 1042. Rather, a "limited" warrantor's liability for breach derives from, and is measured by, the terms of the limited warranty instrument itself." Hines, 358 F. Supp.2d at 1227.

Furthermore, as discussed *infra*, the alleged defects have been repaired and there can be no failure to honor the warranty terms and no failure to repair within a reasonable number of attempts when the repairs are successful. *See* Plagens, 328 F. Supp. 2d at 1076 (Repaired" or "cured" defects cannot give rise to a breach of warranty, under MMWA or otherwise); Temple, at * 13 (summary judgment affirmed where RV plaintiff offered no evidence that alleged defects "still exist"); Monticello, 369 F. Supp. 2d at 1359 ("no breach of limited warranty when the defect is cured").

### 2. Caterpillar Honored The Terms Of The Limited Warranty Thus Barring Bello's Claims Under The MMWA

A key component of initiating a breach of warranty action under the MMWA is that there must be a failure by the warrantor to honor the terms of the warranty. *See* 15 U.S.C.

6

8262471.1

§2310(d)(1). "[A] consumer who is damaged by the failure of a . . . warrantor . . . to comply with any obligations under . . . a written warranty . . . may bring suit for damages and other legal and equitable relief."); Bailey, 350 F. Supp. 2d at 1036. Without an actionable warranty claim, there can be no violation of the MMWA. Temple, 133 F. Appx. at 268. "Suing under the [MMWA] does not change the rudimentary fact that liability does not exist in a vacuum; there must be some showing of some damages, which may lead to further issues of quantum." Coghlan, 73 F. Supp.2d at 771.

It is undisputed in this case that the terms of the Limited Warranty were honored and that the engines of the Vessel have been repaired. Bello admitted in his deposition that the engines are currently in working order and, moreover, that he incurred no out of pocket expenses in repairing same:

> Q: . . . When did you last have problems with your engines?
> A: The last problem with my engine, it was I believe April or May of this year [2017]. When all the repair of boat engine was finished [sic] . . .
> . . .
> Q: . . . So since the gearbox was fixed in June[1] –
> A: Uh-huh
> Q: -- of 2017, has the boat been running well?
> A: Yes. . . .
> . . .
> Q: Have you paid for any of the repairs?
> A: No.
> Q: Not paid a penny out of pocket?
> . . .
> Q: For the repairs –
> A: No.
> Q: -- you have not had to pay for anything?
> A: No.

Deposition transcript of Lucio Covone Bello, pages 41-42, 90, attached as Exhibit B.

---

[1] Bello indicated that after the engines were repaired, in June 2017 he experienced issues with an electronic gearbox failing. However, he agreed that the issues with the electronic gearbox had nothing to do with the engines. (cite)

7

8262471.1

Since all of the repairs have been made and Caterpillar honored its warranty, the breach of warranty action cannot be maintained and Bello's claims under the MMWA fail as a matter of law.

> 3. **Even if the MMWA applied to Bello's claims, Caterpillar's Limited Warranty Satisfies The "Single Document Rule" Set Forth In the Act And Bello's Claim Fails On The Merits**

In satisfaction of its statutory mandate, the FTC promulgated a rule providing that "[a]ny warrantor warranting to a consumer by means of a written warranty . . . shall clearly and conspicuously disclose in a single document in simple and readily understood language," nine specific items of information. 16 C.F.R. §701.3(a).  This requirement is known as the "single document rule."  The nine items that must be disclosed in a written warranty are as follows: (i) the identities of parties to whom the warranty is extended; (ii) a clear description and identification of any parts of the product excluded from the warranty; (iii) a statement of what the warrantor will and will not do in case of defect, malfunction or other nonconformity of the product to the warranty; (iv) the temporal boundaries of the warranty; (v) a step-by-step description of the procedure for consumers to obtain performance under the warranty; (vi) "[i]nformation respecting the availability of any informal dispute settlement mechanism elected by the warrantor;" (vii) a statement identifying any limitations on the duration of implied warranties; (viii) a statement of exclusions or limitations on relief (such as incidental or consequential damages); and (ix) a statement advising the buyer that the warranty confers specific legal rights, and that other rights may be conferred pursuant to state law. Id.; *see also* Bailey, 350 F.Supp.2d 1036, 1040 (N.D.Ga.2004).  Under 16 C.F.R. §701.3(a) the MMWA exclusions or limitations of consequential or incidental damages need not appear conspicuously on the face of a limited warranty.  Burtt v. Ford Motor Co., 2008 WL 373659 at *3 (W.D. Va.

2008). Furthermore, technical violations of the disclosure regulations does not nullify exclusions/disclaimers in a limited warranty. Montiello v. Winnebago Industries, Inc., 369 F. Supp. 2d-1350, 1357-58 at fn. 6 (N.D. Ga. 2005).

Bello's Amended Complaint alleges that the Limited Warranty fails to include the following;

"a. A step-by-step explanation of the procedure which the consumer should follow in order to obtain performance of any warranty obligation, including the persons or class of persons authorized to perform warranty obligations.

b. A statement accompanying the purposed exclusions of or limitation on relief such as incidental or consequential damages: 'Some States do not allow the exclusion or limitation of incidental or consequential damages, so the above limitation or exclusion may not apply to you.'

c. A statement in the following language: 'This warranty gives you specific legal rights, and you may also have other rights which vary from State to State.'"

(See, paragraphs 52 of Plaintiff's Amended Complaint D.E. )

A review of the language included in the Caterpillar Limited Warranty evidences that the alleged deficiencies set forth in Bello's Amended Complaint do, in fact, appear in the Warranty in compliance with the MMWA.

Information on how to make a claim under the Warranty is provided on the second page of the Warranty, which reads, "Claims under this warranty should be submitted to a place of business of a Cat dealer or other source approved by Caterpillar. For further information concerning either the location to submit claims or Caterpillar as the issuer of this warranty, write Caterpillar Inc., [address provided]." A separate part of the Warranty also provides instructions on how to find a local Cat dealer, "To find the location of the nearest Cat dealer or authorized

8262471.1

repair facility, call [phone number provided]." Further, the Warranty includes language reading, ". . . some states do not allow . . . the exclusions or limitation of incidental or consequential damages. Therefore, the previously expressed exclusions may not apply to you." Finally, the Warranty also contains language that provides, "This warranty gives you specific legal rights, and you may also have other rights, which vary by jurisdiction." The referenced excerpts from the Limited Warranty are clear and unambiguous and are readily and immediately ascertainable upon a reading of the language contained in the two (2) page Limited Warranty.

Accordingly, this claim should also fail as a matter of law.

### 4. Any Claim For Breach Under Caterpillar's Limited Warranty, And Any Evaluation Of Damages, If Any, Must Be Analyzed Under Florida Law

As stated above, the MMWA does not provide any measure of damages in the event of a breach of a "limited" warranty such as Caterpillar's Limited Warranty at issue in this case.. Whether a warranty breach occurred and the appropriate measure of damages, if any, are both determined by Florida law. Furthermore, the MMWA does not supplant state law. Unless the MMWA specifically prescribes a regulating rule, state law should be applied to warranty claims brought under the act. Richter v. Monaco Coach Corp., 2009 WL 1537894, *4 (M.D. Fla. 2009); *see also* Hache v. Damon Corp., 2008 WL 2157057 (M.D.Fla.2008) (*citing* Bailey, 350 F.Supp.2d 1036. Because the MMWA does not expressly modify Florida law with respect to limited warranties, Florida law applies to the claim. *See* Hache, 2008 WL 2157057 at *2.

As discussed below, Bello's claims for breach of the Limited Warranty and for damages fail under the applicable Florida law.

## II. BELLO'S CLAIMS OF RELIEF UNDER FLORIDA LAW AND THE UCC FAIL AS A MATTER OF LAW AND CATERPILLAR IS ENTITLED TO SUMMARY JUDGMENT

10

Under Florida law, a written warranty is treated as a contract and may therefore limit available remedies.  PB Property Management, Inc. v. Goodman Manufacturing Company, L.P., 2013 WL 12172912 *3-4 (M.D. Fla. 2013) *citing* Council Bros, Inc. v. Ray Burner Co., 473 F.2d 400, 406 (5th Cir. 1973) ("In Florida as elsewhere generally a written warranty . . . is often referred to and treated as a contract between buyer and seller.").  Specifically, Florida law provides that a written warranty may "limit [ ] the buyer's remedies to . . . repair and replacement of nonconforming goods or parts."  Fla. Stat. § 672.719(1)(a).  Only if such a warranty limitation is unconscionable[2] or causes the warranty to "fail of its essential purpose" may the buyer pursue remedies other than those provided in the limited warranty.  Fla. Stat. § 672.719(2) and (3).  "The 'essential purposes' exception typically has been limited to circumstances involving repeated (unsuccessful) efforts to repair a product that completely fails in its intended use." David v. Am. Suzuki Motor Corp., 629 F. Supp. 2d 1309,1319 n.l1 (S.D. Fla. 2009); *see also*, e.g., Parsons v. Motor Homes of Am., Inc., 465 So. 2d 1285, 1292 (Fla. 1st DCA 1985) (where a warranty limits a remedy to repair or replacement of defective parts, but the buyer experiences repeated problems and the seller—after repeated attempts—is **unable to repair the defect**, the limitation causes the warranty to fail of its essential purpose) (emphasis added);  Tampa Farm Serv., Inc. v. Cargill, Inc., 356 So. 2d 347, 350–51 (Fla. 2d DCA 1978) (noting that "[t]here is, unfortunately, scant authority in the law as to examples of when a remedy fails of its essential purpose," surveying cases, and deriving the basic principle that "the repeated necessity to utilize a prescribed remedy without appreciable results in correcting the defect can cause a remedy to fail"); Typographical Serv., Inc. v. Itek Corp., 721 F.2d 1317,1320 (11th Cir. 1983) (stating as a

---

[2] Bello has not included in his Complaint an allegation that the Limited Warranty is unconscionable.

8262471.1

matter of Florida law that "a limitation to repair or replace fails of its essential purpose if the seller does not provide goods that conform to the contract within a reasonable time.").

Bello alleges that the warranty failed of its essential purpose and that Caterpillar was unable to repair the defects within a reasonable number of attempts or a reasonable amount of time. However, per the Court in Tampa Farm, a warranty fails of its essential purpose when the defect is unable to be repaired. As discussed *supra*, the alleged defects of the subject engines have been repaired and as a result, Bello is able to use the Vessel as intended. Accordingly, there can be no failure of the essential purpose of the Limited Warranty and therefore, the only remedies available to Bello are those enumerated in the Limited Warranty itself.

### 1.  Caterpillar Is Entitled To Summary Judgment On Bello's UCC Claims.

Bello is asserting a breach of express warranty claim under the Uniform Commercial Code. However, Bello's UCC claim fails for the principal reason that Caterpillar disclaimed all warranties outside of its express Limited Warranty and the Limited Warranty has not failed of its essential purpose which, therefore, limits Bello's available remedies to those enumerated in the Limited Warranty. Bello cannot establish breach of an express warranty as a matter of law—Caterpillar honored all valid warranty claims made during the warranty periods.

#### A.  Bello Cannot Establish Breach Of An Express Warranty.

To prevail on a claim for breach of express warranty, Bello must prove: (1) the sale of goods; (2) the express warranty; (3) breach of the warranty; (4) notice to seller of the breach; and (5) injury as a result of the breach. *See* Jovine v. Abbott Labs., Inc., 795 F. Supp. 2d 1331, 1339‑40 (S.D. Fla. 2011). The only "express warranty" in this case is the Caterpillar Limited Warranty. The evidence demonstrates that Caterpillar did not breach the Limited Warranty.

### B. Caterpillar Did Not Breach Its Limited Warranty.

The Limited Warranty provides that if a defect in material or workmanship is found during the standard warranty period, Caterpillar will provide new, remanufactured or Caterpillar approved repaired parts or assembled components needed to correct the defect. To the extent that repairs were required during the warranty period, all repairs have been made. Per Bello's own deposition testimony as cited *supra*, he incurred no out of pocket expenses in the repair of the subject Caterpillar engines. And the boat is running well. As such, Bello has no claim for breach of express warranty with regard to the Limited Warranty.

Because Bello received all the relief to which he was entitled under the Limited Warranty, Bello cannot establish breach of an express warranty as a matter of law. *See* Speier-Roche v. Volkswagen Grp. of Am. Inc., No. 14-20107-CIV, 2014 WL 1745050, at *4 (S.D. Fla. Apr. 30, 2014) ("Plaintiff was not charged for the brake pad and rotor replacement within the 12–months/l2,000 mile parameters of the Warranty applicable to brake parts. [Plaintiff] cannot assert a claim for breach of express warranty.").

### C. The Caterpillar Limited Warranty Bars All Other Express And Implied Warranties.

The Limited Warranty operates to bar all other warranties, both express and implied:

> THIS WARRANTY IS EXPRESSLY IN LIEU OF ANY OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE . . .

Given this disclaimer, Bello cannot try to create other express or implied warranties. *See* HTC Leleu Family Trust v. Piper Aircraft, Inc., 571 Fed. Appx. 772, 777 (11th Cir. 2014) ("Given that the Limited Warranty was effective, the only possible express warranty claim HTC could have asserted was for breach of the Limited Warranty."). Accordingly, Bello's claims for breach of any warranty outside the Limited Warranty itself fail as a matter of law and merit.

### D. The Limited Warranty Bars Bello's Claimed Damages.

As discussed, since the Limited Warranty has not failed of its essential purpose, Bello cannot recover the damages he seeks. The Limited Warranty expressly disclaims all incidental and consequential damages incurred as a result of a product defect and expressly limits Bello's remedies to materials and services:

> CATERPILLAR IS NOT RESPONSIBLE FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES
>
> . . . REMEDIES UNDER THIS WARRANTY ARE LIMITED TO THE PROVISION OF MATERIAL AND SERVICES, AS SPECIFIED HEREIN.

This disclaimer is effective to bar Bello's claims for economic losses such as monies paid for the Vessel, loss of use of the Vessel, and the other items of economic damage that he seeks. *See* CC-Aventura, Inc. v. The Weitz Co., LLC, No. 06-21598-CIV, 2009 WL 3326806, at *5 (S.D. Fla. Oct. 9, 2009) ("There is nothing inherently shocking or unfair about limitation-of-liability provision . . . Florida courts have emphasized that 'people should be able to contract on their own terms without the indulgence of paternalism by courts in the alleviation of one side or another from the effects of a bad bargain.'" (internal citation omitted.); Rose v. ADT Sec. Servs., Inc., 989 So. 2d 1244, 1249 (Fla. 1st DCA 2008) (enforcing a broad limitation of incidental or consequential damages however occasioned).

Accordingly, under the Limited Warranty, Bello's damages are limited to repair and replacement; those remedies have been provided, Bello has no out of pocket expenses associated with the repairs and the repairs have been successful.

### III. CONCLUSION

For the reasons set forth above, Caterpillar is entitled to final summary judgment on all of

plaintiff's claims and Caterpillar asks that this Court enter judgment in its favor.

Dated this ___ day of January, 2018.          Respectfully submitted,

                                      **GOLDBERG SEGALLA**
                                      *Attorneys for Defendant, Caterpillar Inc.*

                                        By: */s/ Kimberly A. Cook*
                                               Kimberly A. Cook
                                               Florida Bar No. 714320
                                               777 Brickell Avenue, Suite 1370
                                               Miami, FL 33131
                                               Telephone:   786-814-4800
                                               E-mail: kcook@goldbergsegalla.com


## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically on January 23rd on all counsel on the attached Service List.

                                        By: */s/ Kimberly A. Cook*
                                                Kimberly A. Cook

8262471.1

**SERVICE LIST**

Clay Naugton, Esq.
Michael@moore-and-co.com
Michael T. Moore, Esq.
cnaugton@moore-and-co.ocm
MOORE & COMPANY, P.A.
255 Aragon Avenue
3rd Floor
Coral Gables, Florida 33134
Tel: 786-221-0600

*Counsel for Plaintiff*

8262471.1