**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO.: 17-22326-CIV-ALTONAGA/GOODMAN**

LUCIO ALFONSO COVONE BELLO,

      Plaintiff,

vs.

CATERPILLAR INC.,

      Defendants.

_____/

**PLAINTIFF'S RESPONSE TO CAT'S
MOTION FOR SUMMARY JUDGMENT [DE 62-63]**

Plaintiff, LUCIO ALFONSO COVONE BELLO, by and through undersigned counsel and pursuant to the Local Rules and the Federal Rules of Civil Procedure, hereby responds to Caterpillar Inc.'s ("CAT") Motion to Dismiss and states:

**I.     INTRODUCTION:**

The essential facts are undisputed. Mr. Covone took delivery of his vessel, which was equipped with CAT C18 engines, in or about December 2012. Because of engine problems and lengthy warranty repair periods, the vessel was inoperable or only partially operable until May of 2017. CAT does not argue that the engine problems experienced by Mr. Covone and the resulting repairs somehow fall outside CAT's limited warranty. CAT has stipulated that all of Mr. Covone's engine problems fell within the applicable warranty period. CAT has stipulated that CAT received proper notice of all warranty claims and issues with the engines. The only question before the Court is whether Florida Law applies and allows Mr. Covone to break the applicable warranty's limitations because the repairs were not completed within a reasonable

period of time.  CAT has not suggested that the repairs were conducted within a reasonable time, but rather has argued that the law in Florida is that a warranty fails of its essential purpose only if "the defect is unable to be repaired."  This is incorrect.

CAT has not shown that there is no genuine issue of fact as to whether CAT's repairs took an unreasonably long time to complete.  Pursuant to Florida law, the warranty failed of its essential purpose and Mr. Covone is permitted access to all remedies available under the Magnuson Moss Warranty Act  ("MMWA") and under Florida Law.  Based on the undisputed facts showing, *inter alia*, that the engines' overheating problem was not repaired for four years, that repairs in 2014 to the starboard engine took 6 months, and that repairs after a catastrophic failure in 2016 took 1 year, there can be no doubt that CAT's warranty failed of its essential purpose and that Mr. Covone is entitled to recover all damages, including consequential and incidental damages as well as attorneys' fees and costs.

## STANDARD

Summary judgment will be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting Fed. R. Civ. P. 56(c)). Issues are genuine if a reasonable jury could find for the non-movant and facts are material if they can affect the outcome. *Scottsdale Ins. Co. v. Cutz, LLC*, 543 F. Supp. 2d 1310, 1313 (S.D. Ha. 2007)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing SMFficient to establish the existence of an element essential to the party's case, and

on which that party will bear the burden of proof at trial. There is no issue for trial unless there is SMFficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Chapman v. Am. Cyanamid Co.*, 861 F.2d 1515, 1518 (11th Cir. 1988)(citations omitted). The Court may grant summary judgment when the evidence favoring the non-moving party is merely colorable or is not significantly probative. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)(citations omitted).

The movant bears the exacting burden of demonstrating that there is no dispute as to any material fact in the case. *Celotex Corp.*, 477 U.S. at 323; Hairston *v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993); *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). Once the movant has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(e)).

The only determination for the court in a summary judgment proceeding is whether there exists genuine and material issues of fact to be tried. *Id.* at 921; *Dominick v. Dixie Nat'l Life Ins. Co.*, 809 F.2d 1559 (11th Cir. 1987). All the evidence and the inferences from the underlying facts must be viewed in the light most favorable to the nonmovant. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

## ARGUMENT AND MEMORANDUM OF LAW

### I. CAT'S LIMITED WARRANTY IS SUBJECT TO THE MMWA AS SUPPLEMENTED BY FLORIDA LAW AND FAILED ITS ESSENTIAL PURPOSE:

Count II of Plaintiff's Amended Complaint is a claim for breach of express warranty under the MMWA, 15 USC § 2301, et seq. [DE 4 ¶ 54]. Section 2301, *et seq.*, governs written

warranties on consumer products. Section 2302 of the MMWA provides for designation of all written warranties as either "full" or "limited" warranties:

> (a) Full (statement of duration) or limited warranty Any warrantor warranting a consumer product by means of a written warranty shall clearly and conspicuously designate such warranty in the following manner, unless exempted from doing so by the Commission pursuant to subsection (c) of this section:
>
> (1) If the written warranty meets the Federal minimum standards for warranty set forth in section 2304 of this title, then it shall be conspicuously designated a "full (statement of duration) warranty".
>
> (2) If the written warranty does not meet the Federal minimum standards for warranty set forth in section 2304 of this title, then it shall be conspicuously designated a "limited warranty."

Section 2304 of the MMWA provides the minimum federal standards applicable only to full warranties. It is undisputed that the "Caterpillar Limited Warranty" is a limited warranty which is not subject to the minimum requirements of Section 2304.[1]

Because the Caterpillar Warranty is a "limited warranty", and the MMWA is virtually silent with respect to limited warranties, Florida Law governs whether the warranty has been breached and the damages that are available in the event of a breach. *Rastaedt v. Mercedes-Benz USA, LLC*, 63 So.3d 41, 45-46 (Fla. 4th DCA 2011) ("[T]he question whether a warrantor has committed a breach of a limited express warranty under the Act is governed by state law."); 15 U.S.C. § 2311(b)(1) (nothing in the Act "shall invalidate or restrict any right or remedy of any consumer under State law . . . ."; *Bailey v. Monaco Coach Corp.*, 350 F. Supp. 2d 1036, 1040 (N.D. Ga. 2004).

---

[1] During the deposition of CAT's Corporate Representative on February 2, 2018, it was discovered that Covone's engines are also covered by a 60 month Extended Service Contract/Warranty. This Extended Service Contract and its late disclosure by CAT will be the subject of a future motion.

"Under the [Magnuson Moss Warranty] Act, consumers have a federal right of action against warrantors who fail 'to comply with any obligation under . . . a written warranty, implied warranty, or service contract.' 15 U.S.C. § 2310(d). The Act was intended to supplement, not supplant, state law. Therefore, unless the Act expressly prescribes a regulating rule, courts should apply state law to written and implied warranty claims made under the Act.*" Bailey,* 350 F. Supp. 2d at 1040. Under Fla. Stat. § 672.719, "if a repair-or-replace limited warranty fails of its essential purpose, the consumer may seek to recover any remedy provided by Florida law. A repair-or-replace warranty fails of its essential purpose if the warrantor does not successfully repair defects within a reasonable time or within a reasonable number of attempts." *Bailey*, 350 F. Supp. 2d at 1043 (citing *Typographical Service, Inv. v. Itek Corp.*, 721 F.2d 1317, 1320 (11th Cir. 1983)) (emphasis added).

As stated in by this Court in *Barnext Offshore Ltd. v. Ferretti Grp. USA, Inc.*, 2011 U.S. Dist. LEXIS 158749, at *28-32 (S.D. Fla. May 16, 2011):

> Florida Statute section 672.719 sets the parameters for when parties may modify and limit warranties. If a limited remedy fails of its essential purpose, all UCC remedies are available: "Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this code." *Id*. § 672.719(2). The official comment further defines what it means to fail of a particular purpose:
>
> 1. Under this section parties are left free to shape their remedies to their particular requirements and reasonable agreements limiting or modifying remedies are to be given effect.
>
>   However, it is of the very essence of a sales contract that at least minimum adequate remedies be available. If the parties intend to conclude a contract for sale within this Article they must accept the legal consequence that there be at least a fair quantum of remedy for breach of the obligations or duties outlined in the contract. Thus any clause purporting to modify or limit the remedial provisions of this Article in an unconscionable manner is subject to deletion and in that event the remedies made available by this Article are applicable as if the stricken clause had never existed. Similarly, under subsection (2), where an apparently fair and reasonable clause because of circumstances fails in its purpose

5

> or operates to deprive either party of the substantial value of the bargain, it must give way to the general remedy provisions of this Article.
>
> 2. Subsection (1)(b) creates a presumption that clauses prescribing remedies are cumulative rather than exclusive. If the parties intend the term to describe the sole remedy under the contract, this must be clearly expressed.
>
> 3. Subsection (3) recognizes the validity of clauses limiting or excluding consequential damages but makes it clear that they may not operate in an unconscionable manner. Actually such terms are merely an allocation of unknown or undeterminable risks. The seller in all cases is free to disclaim warranties in the manner provided in Section 2-316.

*Id*. § 672.719 (comment).

A limited remedy fails of its essential purpose where it deprives a purchaser of "the substantial benefit of the bargain." *Curragh Queensland Min. Ltd. v. Dresser Indus., Inc.*, 55 P.3d 235, 241 (Colo. Ct. App. 2002). This can occur where there have been "repeated (unsuccessful) efforts to repair a product that completely fails in its intended use." *David v. Am. Suzuki Motor Corp.*, 629 F. Supp. 2d 1309, 1319 n.11 (S.D. Fla. 2009) (citing *Parsons v. Motor Homes of Am., Inc.*, 465 So. 2d 1285, 1292 (Fla. 1st DCA 1985)); *see also Richter v. Monaco Coach Corp.*, No. 5:08-cv-207-Oc-10GRJ, 2009 U.S. Dist. LEXIS 46445, 2009 WL 1537894, at *4 (M.D. Fla. June 2, 2009) ("A repair-or-replace warranty fails of its essential purpose if the warrantor does not successfully repair defects within a reasonable time or within a reasonable number of attempts.").

Furthermore, "when defects in the goods are latent and not discoverable on reasonable inspection," a warranty also fails in its essential purpose. *Marr Enters., Inc. v. Lewis Refrigeration Co.*, 556 F.2d 951, 955 (9th Cir. 1977); *Cox v. Lewiston Grain Growers, Inc.*, 86 Wn. App. 357, 936 P.2d 1191, 1198 (Wash. Ct. App. 1997) (same).

Whether a warranty fails of its essential purpose is a fact question. *See Riley v. Ford Motor Co.*, 442 F.2d 670, 673 (5th Cir. 1971) (approving jury verdict on the question of whether a warranty remedy failed of its essential purpose under the UCC); *Delhomme Indus., Inc. v. Houston Beechcraft, Inc.*, 669 F.2d 1049, 1063 (5th Cir. 1982); *Curragh Queensland*, 55 P.3d at 241. To meet its pleading burden, a party must only "make some allegations of fact, that if taken as true, suggest that [defendant's] limited remedies were inadequate and failed of their essential purpose." *Pinellas Suncoast Transit Auth. v. Mincom, Inc.*, No. 8:06-cv-2042-T-17-EAJ, 2007 U.S. Dist. LEXIS 30018, 2007 WL 1222595, at *4 (M.D. Fla. Apr. 24, 2007).

CAT's Limited Warranty states that Caterpillar, warrants its products "to be free from defects in material and workmanship" and provides that CAT, acting though a Caterpillar dealer

or other source approved by Caterpillar, will provide the parts and labor required to correct a defect in material or workmanship if found during the warranty period. [DE 48, Exhibit 1]. Other remedies are limited, disclaimed or excluded. *Id.* CAT's warranty is therefore the type of "repair-and-replace" limited warranty, which fails of its essential purpose if repairs are not completed within a reasonable time or within a reasonable number of attempts.

Here, CAT admits in its Statement of Material Facts[2] that after receiving his vessel in November/December 2012, Mr. Covone experience issues concerning loss of compression in the starboard C18 engine in August 2013, that repairs were not initiated until November 2014, and that repairs were not completed until approximately six months thereafter in May of 2015. [CAT SMF, DE 63, note 1], [CAT SMF, DE 63 ¶¶ 7-9]. CAT further admits that heat exchanger plates were added in November 2014, two years after the Vessel was delivered. [CAT SMF, DE 63 ¶¶ 7-9]. As set out in Plaintiff's Statement of Material Facts, the engines had an overheating problem since delivery, the heat exchanger plates were only an interim fix which did not correct the overheating problem. [Covone's SMF ¶¶ 16-23]. CAT also admits that in March of 2016, the engines experienced a catastrophic failure which was not repaired until more than a year later in April or May 2017. [CAT SMF, DE 63 ¶¶ 7-9]. Under any standard, the time CAT took to repair the problems with Covone's engines was unreasonable. CAT's warranty therefore failed of its essential purpose and Covone is entitled to seek all damages and remedies available including those under Florida Law and the MMWA.

The overheating issue was a latent defect, which the *Barnext* court recognized would cause the warranty to fail of its essential purpose without further analysis. It is also the most obvious example of CAT's unreasonable delay in repairing Covone's boat. From delivery,

---

[2] Hereinafter "CAT's SMF".

Covone's engines suffered from an overheating problem which caused the engines to overheat to an "alarm condition" when run at high RMP. [Covone's SMF ¶ 16]. According to CAT's dealer who was charged with diagnosing and repairing the issue, the cause of the failure was "heat exchanger is marginal from factory." [Covone's SMF ¶ 17]. By May 28, 2015, the overheating issue was classified as a "known product problem". [Covone's SMF ¶ 18]. The issue was initially addressed in May, 2015, by adding 4 plates to the heat exchanger to increase cooling. [Covone's SMF ¶ 19]. The addition of plates to the heat exchanger was merely an "interim fix" and mitigated but did not resolve the high heat issue. [Covone's SMF ¶ 20]. CAT redesigned the part of the exchanger to resolve the overheating issue, but the new heat exchanger was not installed until December 2016. [Covone's SMF ¶ 21]. The new design is used on all new C18 engines. CAT issued two service letters confirming the high heat issue existed and that the issue led to an alarm condition and that corrective action was required where the overheating condition was found to exist. [Covone's SMF ¶ 22]. Operating the engines in an alarm condition could cause internal damage to the engines. [Covone's SMF ¶ 23].

Further, it should be noted that CAT has not argued that the engine problems experienced by Mr. Covone and the resulting repairs somehow fall outside CAT's limited warranty and would be prohibited from doing so in its reply brief. CAT has stipulated that all of Mr. Covone's engine problems fell within the applicable warranty period. [Covone's SMF ¶ 25]. CAT has stipulated that CAT received proper notice of all warranty claims and issues with the engines. [Covone's SMF ¶ 24].

CAT has also not taken the position that its repairs were completed within a reasonable time, apparently recognizing the repair time was unreasonable. Rather, CAT's Motion is based on the *Tampa Farm* case, which CAT believes stands for the proposition that a warranty fails of

its essential purpose only when the defect is unable to be repaired. DE 62 p. 12 *citing Tampa Farm Serv., Inc. v. Cargill, Inc.,* 356 So. 2d 347, 350-51 (Fla. 2d DCA 1978). *Tamp Farms* is a 1878 case and as briefed <u>supra</u>, the law in Florida holds that a warranty fails of its essential purpose where the repairs were not reasonably expeditious.

Because CAT's warranty failed of its essential purpose CAT's claims for summary judgment as to Count II must be denied.

## II. COVONE'S UCC CLAIMS ARE NOT SUBJECT TO SUMMARY JUDGMENT BECAUSE CAT'S WARRANTY FAILED OF ITS ESSENTIAL PURPOSE:

Count III of Plaintiff's Amended Complaint states a claim for breach of express warranty under the UCC. As CAT argued, to prevail on a claim for breach of express warranty, Covone must prove: (1) the sale of goods; (2) the express warranty; (3) breach of the warranty; (4) notice to seller of the breach; and (5) injury as a result of the breach. *See Jovine v. Abbott Labs., Inc.,* 795 F. Supp. 2d 1331, 133940 (S.D. Fla. 2011). The only element which CAT asserts has not been met is (3) breach of warranty. As stated above, under Florida Law, CAT's failure to make repairs within a reasonable time render the warranty's limitations void and allow CAT to seek all his UCC and MMWA damages. Thus, Plaintiff's UCC claim is not ripe for summary judgment for the same reasons his MMWA claims are not ripe for summary judgment.

## III. CAT's WARRANTY FAILS TO MEET FEDERAL MINIMUM STANDARDS.

16 C.F.R. § 701.3(a) sets out federal minimum standards applicable to both limited and fully warranties:

> (a) Any warrantor warranting to a consumer by means of a written warranty a consumer product actually costing the consumer more than $15.00 shall clearly and conspicuously disclose in a single document in simple and readily understood language, the following items of information:

9

(1) The identity of the party or parties to whom the written warranty is extended, if the enforceability of the written warranty is limited to the original consumer purchaser or is otherwise limited to persons other than every consumer owner during the term of the warranty;

(2) A clear description and identification of products, or parts, or characteristics, or components or properties covered by and where necessary for clarification, excluded from the warranty;

(3) A statement of what the warrantor will do in the event of a defect, malfunction or failure to conform with the written warranty, including the items or services the warrantor will pay for or provide, and, where necessary for clarification, those which the warrantor will not pay for or provide;

(4) The point in time or event on which the warranty term commences, if different from the purchase date, and the time period or other measurement of warranty duration;

(5) A step-by-step explanation of the procedure which the consumer should follow in order to obtain performance of any warranty obligation, including the persons or class of persons authorized to perform warranty obligations. This includes the name(s) of the warrantor(s), together with: The mailing address(es) of the warrantor(s), and/or the name or title and the address of any employee or department of the warrantor responsible for the performance of warranty obligations, and/or a telephone number which consumers may use without charge to obtain information on warranty performance;

(6) Information respecting the availability of any informal dispute settlement mechanism elected by the warrantor in compliance with part 703 of this subchapter;

(7) Any limitations on the duration of implied warranties, disclosed on the face of the warranty as provided in section 108 of the Act, accompanied by the following statement: Some States do not allow limitations on how long an implied warranty lasts, so the above limitation may not apply to you.

(8) Any exclusions of or limitations on relief such as incidental or consequential damages, accompanied by the following statement, which may be combined with the statement required in paragraph (a)(7) of this section: Some States do not allow the exclusion or limitation of incidental or consequential damages, so the above limitation or exclusion may not apply to you.

(9) A statement in the following language: This warranty gives you specific legal rights, and you may also have other rights which vary from State to State.

CAT's Warranty, rather than make the statement required in subsection 7 that: "Some States do not allow limitations on how long an implied warranty lasts, so the above limitation may not apply to you", instead states, in small print on the reverse side of the document: "For personal or family use engines or marine transmissions operating in the USA, its territories and possessions, some states do not allow limitations on how long an implied warranty may last nor allow the exclusion or limitation of incidental or consequential damages. Therefore, the previously expressed exclusion may not apply to you." This is not a mere technical violation as it adds the misleading limitation that the statement only applies if the engines are "operating in the USA". As fully briefed in previous filings, the MMWA applies extraterritorially so this section could well apply to engines being operated outside the USA. *See Response to Motion to Dismiss,* DE 41.

CAT's warranty also fails to track the required language in subsection (9) which requires: "A statement in the following language: This warranty gives you specific legal rights, and you may also have other rights which vary from State to State." Instead, CAT's warranty states: "This warranty gives you specific legal rights, and you may also have other rights, which vary by jurisdiction." While this might be considered only a technical violation, most consumers would likely understand "State to State" to mean what it says, whereas "vary by jurisdiction" has an international connotation.

Because CAT's warranty violates Federal Minimum Standards, the claim should not be dismissed.

## IV. COVONE MAY SEEK DAMAGES UNDER FLORIDA LAW AND THE MMWA

Regarding MMWA damages, Covone is entitled to the damages available under section 2310 of the MMWA, entitled "Remedies in consumer disputes,", which applies to both full and limited warranties. *Rastaedt v. Mercedes-Benz USA, LLC*, 63 So.3d 41, 45-46 (Fla. 4th DCA 2011). Section 2310(d) provides:

> (d) Civil action by consumer for damages, etc.; jurisdiction; recovery of costs and expenses; cognizable claims
>
> (1) Subject to subsections (a)(3) and (e) of this section, a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, **may bring suit for damages and other legal and equitable relief--**
>
> (A) in any court of competent jurisdiction in any State or the District of Columbia; or
>
> (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.

The Act defines "written warranty" as follows:

> (6) The term "written warranty" means--
>
> (A) **any written affirmation** of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time, or

>  (B) any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking, which written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product.

(emphasis added) 15 U.S.C. § 2301(6). Subsection 2310(a)(3) provides that warrantors may establish an informal dispute settlement procedure. 15 U.S.C. § 2310(a)(3). Subsection (e), entitled "Class actions; conditions; procedures applicable," establishes, as a precondition to suit, that an individual must give the warrantor reasonable opportunity to cure the alleged defect. 15 U.S.C. § 2310(e).  Thus, pursuant to the MMWA, Covone is entitled to bring this suit in Federal Court and to seek damages and equitable relief for CAT's breach of warranty.

WHEREFORE, for the foregoing reasons, Plaintiff, LUCIO ALFONSO COVONE BELLO, respectfully request the court deny Caterpillar Inc.'s Motion for Summary Judgment.

Dated: February 16, 2018                     Respectfully Submitted,

                                    **MOORE & COMPANY, P.A.**
                                    *Counsel for Plaintiff*
                                    255 Aragon Avenue, 3rd Floor
                                    Coral Gables, Florida 33134
                                    Telephone: (786) 221-0600
                                    Facsimile:  (786) 221-0601
                                    Email: michael@moore-and-co.com
                                    Email  cnaughton@moore-and-co.com

                                          s/Clay Naughton
                                    Clay M. Naughton
                                    Florida Bar No. 29302
                                    Michael T. Moore, Esq
                                    Florida Bar No. 207845

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 16, 2018, a true and correct copy of the foregoing was filed with the Court's electronic filing system, CM/ECF, which will send a notice of electronic filing on all counsel or parties of record on the attached Service List.

s/Clay Naughton
Clay M. Naughton
